Andrew L. MANNINGS, et al., Plaintiffs,

v.

**SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA (formerly Board of Public Instruction of Hillsborough County, Florida), et al., Defendants.**

No. 58–3554–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

March 2, 1993.

Francisco Rodriguz, Tampa, FL, Warren H. Dawson, Tampa, FL, for plaintiffs.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, Walter Crosby Few, Few & Ayala, Tampa, FL, for defendants.

John William MacKay, John W. MacKay, P.A., Tampa, FL, for defendants.

### ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court upon Plaintiffs' Motion to Alter or Amend Judgment (Docket no. 472). Having considered Plaintiffs' motion and memoranda and the intervenors' accompanying response, the Court grants Plaintiffs' motion.

Plaintiffs advance two arguments to support their motion. Plaintiffs first contend that this Court erred in its construction of the Anti–Injunction Act. Secondly, Plaintiffs argue this Court could maintain equity and comity by removing the matter to this Court pursuant to 28 U.S.C. §§ 1441–43 and the All Writs Act, 28 U.S.C. § 1651.

### FACTS

In July of 1991 The Hillsborough School Board adopted the Middle School Task Force Report (hereinafter "Report"). The following month private citizens filed a class action complaint styled *Robert John Burr, et al. v. School Board of Hillsborough County, Florida,* Case No. 91–8747–C in the Circuit Court (hereinafter "Circuit Court") for Hillsborough County, Florida. Intervenors maintained that the Report's proposal violated a Florida law restricting student transportation, as well as privacy rights protected by the Florida Constitution. Therefore, the intervenors sought declaratory relief and permanent injunctive relief.

In October of 1991 private citizens filed a petition for administrative hearing styled *Norman Edwin Armstrong, Jr., et al. v. The School Board of Hillsborough County, Florida,* Case No. 91–5333R with the State of Florida Department of Administration, Division of Administrative Hearings (hereinafter "DOAH"). Petitioners claim the Report is

invalid because the School Board allegedly violated several Florida Statutes in the course of adopting the Report.

Given the potential clash between the State proceedings and the federally authorized Report, the defendants (The School Board) in December of 1991 moved to permanently enjoin the Circuit Court, DOAH and the intervenors from proceeding with their respective cases. The magistrate/judge issued a report and recommendation which concluded that the motion for injunction should be granted. However, this Court refused to adopt the recommendation because doubt existed as to the Court's power to enjoin a state proceeding. This Court did not doubt its jurisdictional control, but rather questioned the extent of its authorized power in light of the Anti–Injunction Act. Recent revelations lead this Court to grant Plaintiffs' motion and reverse its original order.

## ANALYSIS

In denying the motion for injunctive relief over the recommendation, this Court emphasized the rigid requirements of the Anti–Injunction Act[1] as stated by the Supreme Court in *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)[2]. This Court noted that The School Board's motion failed to satisfy one of the three exceptions. However, the jurisdictional statement of the original pleading, which was filed in 1958, clearly states that the cause is based on 42 U.S.C. § 1983[3]. Actions filed under this section constitute an exception to the Anti–Injunction Act. The court in *Mitchum v. Foster*, 407 U.S. 225,

243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972), held that 42 U.S.C. § 1983 is an Act of Congress within the expressly authorized exceptions of the Anti–Injunction Act. Thus, this Court has the authority to issue an injunction against the State proceedings. Accordingly, it is

**ORDERED** that the motion to amend or alter judgment be **granted** as follows. The Court:

1. Permanently enjoins the parties and their counsel in the case captioned *Robert John Burr, et al. v. The School Board of Hillsborough County, Florida*, Case No. 91–8747–C, in the Circuit Court of Hillsborough County, Florida, and all other persons acting with them, from interfering with the jurisdiction of this Court and from proceeding with the prosecution of said suit, or any other suit which encroaches upon the order of this Court in this case;

2. Permanently enjoins the parties and their counsel in the administrative proceedings captioned *Norman Edwin Armstrong, Jr., et al. v. The School Board of Hillsborough County, Florida*, Case No. 91–5333R, with the State of Florida Department of Administration, Division of Administrative Hearings, and all other persons acting with them, from interfering with the jurisdiction of this Court and from proceeding with the prosecution of said administrative proceedings, or any other administrative proceedings which encroach upon the orders of this Court in this case;

3. Permanently enjoins the Judges of the Circuit Court for Hillsborough County, Florida from proceeding further in Case No. 91–

---

1. The Act states "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment". 28 U.S.C. § 2283.

2. "The present act should be read as an 'absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specifically denied exceptions' ". *Order on Report and Recommendation*, p. 4, Docket No. 470.

3. Paragraph 1 of the original Complaint in this action states:

The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, § 1343(3) this being an action which is authorized by law, Title 42, United States Code, § 1983, which is commenced by any citizen of the United States to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured by the Constitution and laws of the United States. The rights here sought to be redressed are rights guaranteed by due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and by Title 42, United States Code, § 1981.

8747–C, except for purposes of dismissing the action with prejudice, and from otherwise interfering with the jurisdiction of this Court in the case of *Andrew L. Mannings v. School Board of Hillsborough County, Florida,* 58–3554–CIV–T–17A;

4. Permanently enjoins any representative of the Department of Administration, Division of Administrative Hearings, from proceeding further in Case No. 91–5333R, except for purposes of dismissing the proceeding with prejudice, and from otherwise interfering with the jurisdiction of this Court in the case of *Andrew L. Mannings v. School Board of Hillsborough County, Florida,* 58–3554–CIV–T–17A. FURTHER,

The Intervenors have ten (10) days from the date of this order to file a motion to intervene, to become a party to this action, and to remove any action which is appropriate to this forum.

**DONE AND ORDERED.**