## TAYLOR WOODROW CONSTRUCTION CORP., Plaintiff,

v.

## SARASOTA/MANATEE AIRPORT AUTHORITY, Defendant.

### No. 92–230–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Feb. 18, 1993.

Michael Albert Piscitelli, Cummings, Lawrence & Vezina, P.A., Tallahassee, FL, for plaintiff.

Elvin W. Phillips, Williams, Parker, Harrison, Dietz & Getzen, A. Lamar Matthews, Jr., Matthews, Hutton & Eastmoore, P.A., Sarasota, FL, for defendant.

## ORDER ON MOTION FOR RECONSIDERATION

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's, Taylor Woodrow Construction Corp. ("Taylor"), Motion for Reconsideration, filed on November 19, 1992, and Defendant, Sarasota/Manatee Airport Authority ("Sarasota/Manatee"), memorandum in response, filed on December 2, 1992.

### STANDARDS FOR RECONSIDERATION

■ The Court's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly. When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the deci-

sion was based. *Van Harlingen v. City of Dunedin,* 1992 WL 161064 (M.D.Fla.), citing *Kuenz v. CASE Goodyear Tire & Rubber Co.,* 617 F.Supp. 11, 14 (N.D.Ohio 1985). The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Painting Industry of Hawaii Market Recovery Fund v. United States Department of the Air Force,* 756 F.Supp. 452 (D.Haw.1990); *Decker Coal Co. v. Hartman,* 706 F.Supp. 745, 750 (D.Mont.1988), citing *All Hawaii Tours v. Polynesian Cultural Center,* 116 F.R.D. 645, 649 (D.Haw.1987), partially rev'd on other grounds, 855 F.2d 860 (9th Cir.1988).

## FACTS

Taylor filed a complaint against Sarasota/Manatee on February 24, 1992. The claim alleged that Sarasota/Manatee had breached two contracts that the parties had entered into on October 22, 1987 and March 15, 1988. Defendant filed an answer and counterclaim against Taylor on June 22, 1992.

Taylor moved to strike two sets of paragraphs from Sarasota/Manatee's counterclaim pursuant to Rule 12(f), Fed.R.Civ.P., asserting that the allegations contained therein were immaterial and impertinent. Those provisions were as follows:

[Taylor] did not complete Bid Package 2 [and 3] on a timely basis in accordance with the parties' contract and has asserted claims for additional compensation for which it is not owed thereby breaching the terms of the contract.

Counterclaim paragraphs 4, 10.

[Sarasota/Manatee] has been damaged [by] attorney's fees and expert witness fees for prosecution and defense of this action.

Counterclaim paragraphs 5, 11.

This Court denied Taylor's motion to strike paragraphs 4, 5, 10 and 11 on November 9, 1992. Taylor now moves for reconsideration of the order denying Taylor's motion to strike paragraphs 5 and 11 which relate to Sarasota/Manatee's prayer for attorney's fees. In the alternative, Taylor moves for an order permitting it to file a motion for partial judgment on the pleadings, partial summary judgment or other appropriate motion, at a later date, regarding Sarasota/Manatee's right to recover attorney's fees in this action if it is successful on its counterclaim.

## ISSUES

Taylor asserts that because the local rules prevented it from responding to Sarasota/Manatee's answer memorandum, Taylor never had an opportunity to brief the attorney's fees issue. Therefore, Taylor contends that its motion to strike Sarasota/Manatee's prayer for attorney's fee should be reconsidered.

■ Plaintiff states that Sarasota/Manatee misled this Court "by taking a portion of the contract out of context". Taylor argues that when the attorney's fees provision is read in concert with the entire default article, the clause does not allow recovery of attorney's fees in this case or is at best ambiguous and must be construed against Sarasota/Manatee. The default article is contained in Article XI of the contract. The article provides:

**XI. DEFAULT:**

(a) Should the Trade Contractor (Taylor Woodrow):

1. fail to correct, replace and/or re-execute faulty or defective WORK and/or material furnished under this Agreement; or

2. fail to complete or diligently proceed with the WORK required by this Agreement, within the time constraints of the construction scheduled maintained by the Construction Manager; or

3. fail to correct or repair any damage to WORK caused by him or his failure to protect his WORK or the work of other; or

4. fail to provide safe and sufficient facilities, orderly premises and the cleanup of the WORK required under this Agreement; or

5. be unable to proceed with the WORK because of any action by one or more employees of the Trade Contractor or by a person or labor organization supporting or attempting to represent any employees of Trade Contractor; or

6. fail to promptly make payments to all claimants, for all labor, materials and services used or reasonably required for use in the performance of the WORK,

. . .

Taylor contends that the attorney's fees provision found in Article XI, which Sarasota/Manatee relies on exclusively refers to the above six instances. Article XI, Section (b) of the contracts states that:

> The remedies of the Owner provided in this Article and in any part of the Contract Documents shall be cumulative. All losses, damages, and expenses, including attorney's fees, in the prosecution or defense of any action or suit incurred by or resulting to the Owner on the above account shall be borne by and charged against the Trade Contractor and shall be the damages for breach of this Agreement, and the Owner may recover on the bond mentioned in Article XIV hereof, and both Trade Contractor and his Surety agree to pay the Owner for such losses, expenses, liquidated damages and attorney's fees.

Although this additional information does shed more light on the attorney's fees provision, this Court finds that Sarasota/Manatee did not deliberately mislead the court. Defendant's counterclaim is premised on Taylor's alleged breach of the contract. That the attorney's fees clause refers only to the six scenarios spelled out in the contract's default article is at best, arguable. This Court finds that the attorney's fees provision fails to specify the rights and duties of the parties involved in litigation. Therefore, the contract contains a latent ambiguity. *Hunt v. First Nat'l Bank of Tampa*, 381 So.2d 1194 (Fla. 2d DCA 1980). Such being the case, parol evidence is necessary either through the pleadings or at trial to clarify the intent of the provision. *Vienneau v. Metropolitan Life Ins. Co.*, 548 So.2d 856 (Fla. 4th DCA 1989).

As the Court finds that the attorney's fees clause contains a latent ambiguity, Plaintiff's motion to reconsider this Court's prior order denying Plaintiff's motion to strike paragraphs 5 and 11 will be denied.

Taylor also moves this Court to amend its prior order to allow Taylor to file motion for partial judgment on the pleadings, motion for partial summary judgment or other appropriate motions. This Court's previous order denying Taylor its motion to strike in no way prevents Taylor from filing any appropriate motion with regards to this cause of action. Therefore, this Court concludes that it is unnecessary for it to modify its earlier order. Accordingly, it is

ORDERED that Plaintiff's motion for reconsideration on this Court's prior order denying Plaintiff's motion to strike paragraphs 5 and 11 of Defendant's counterclaim be denied.

ORDERED that Plaintiff's request that this Court modify its prior order denying Plaintiff's motion to strike be denied.

DONE and ORDERED.