Andrew L. MANNINGS, et al., Plaintiffs,

v.

SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA (Formerly Board of Public Instruction of Hillsborough County, Florida), et al., Defendants.

No. 58–3554–Civ–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

June 16, 1993.

Francisco Rodriguez, Warren H. Dawson, Tampa, FL, for plaintiffs.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, Walter Crosby Few, Few & Ayala, Tampa, FL, for defendants.

John William MacKay, John W. MacKay, P.A., Tampa, FL, for intervenors-plaintiffs.

### ORDER ON INTERVENOR'S MOTION FOR RECONSIDERATION

KOVACHEVICH, District Judge.

Before this Court for consideration is Intervenors', NORMAN EDWIN ARMSTRONG, JR., BRYAN TYLER ARMSTRONG, CARLTON LEWIS, EMANUEL LEWIS, ROBERT JOHN BURR, CHERYL ANN BURR, STEVEN JONATHAN BURR, DANIEL RENEE BURR, ARCHIE LEE McRAE, JR., MAUREEN ELROD McRAE, and AMEER McRAE, (hereinafter "Intervenors") Motion For Reconsideration of, or Relief From, Order on Motion to Alter or Amend Judgment (Docket No. 488), as well as Plaintiffs' and Defendants' response to Intervenors' motion. (Docket Nos. 498 and 499)

### STANDARDS FOR RECONSIDERATION

The Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly. *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority,* 814 F.Supp. 1072 (M.D.Fla. 1993). When issues have been carefully analyzed and decisions rendered, only a change in the law, or the facts upon which a decision was based, justifies reconsideration of the Court's previous order. *Id.* at 1072. The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration. *Id.* at 1073.

### FACTS

In July of 1991, after the Hillsborough County School Board adopted the Middle School Task Force Report (hereinafter "Report"), one group of the Intervenors, (hereinafter "the Burr Intervenors") filed a class action styled *Robert John Burr, et al. v. School Board of Hillsborough County, Flori-*

*da*, Case No. 91–8747–C, in the Circuit Court for Hillsborough County, Florida. The Burr Intervenors' suit alleged that the Report's proposals violated Florida law, the Intervenor's privacy rights under the Florida Constitution, and sought declaratory and injunctive relief.

In October of 1991, another group of the Intervenors, (hereinafter "the Armstrong Intervenors") filed a petition for administrative hearing styled *Norman Edwin Armstrong, Jr., et al. v. The School Board of Hillsborough County, Florida*, Case No. 91–5333R with the State of Florida Department of Administration, Division of Administrative Hearings (hereinafter "DOAH"). The Armstrong Intervenors' petition claimed that the Report is invalid because the School Board allegedly violated several Florida Statutes in the course of adopting the Report.

In December of 1991, the Defendant in this matter moved to permanently enjoin the Circuit Court, DOAH, and both sets of Intervenors from proceeding with their respective actions. Magistrate/Judge Charles R. Wilson issued a report and recommendation, concluding that injunctive relief should be granted.

This Court originally refused to adopt Magistrate/Judge Wilson's report and recommendation because doubt existed as to the Court's power to enjoin a state proceeding, 816 F.Supp. 714. Recent revelations regarding exceptions to the Anti–Injunction Act led this Court to reconsider its original decision and grant injunctive relief.

### INTERVENORS' MOTION FOR RECONSIDERATION OR RELIEF

The Intervenors argue that, although this Court may grant injunctive relief in this matter to stay the state proceedings, this Court is not required to do so. Further, the Intervenors ask that, even if this Court decides it must adhere to its prior Order granting such injunctive relief, it may still allow the Intervenors to continue with their state proceedings, limited to the pursuit of declaratory relief. Finally, if both of these requests fail, the Intervenors ask this Court allow the Burr Intervenors to proceed in the state circuit court case, solely to pursue attorneys fees.

■ This Court has already held that the state proceedings and this Court's jurisdiction are on a collision course. The Intervenors have not brought to this Court's attention any changes in the existing law, or facts, upon which this Court based its original decision granting injunctive relief, that justify reconsideration of this Court's order. Further, this Court has already revisited this issue once before, and after being apprised of further information regarding the Anti–Injunction Act, reconsidered its original decision denying injunctive relief. Therefore, this Court **DENIES** the Intervenor's request that this Court reconsider its prior Order granting the Defendant's motion for injunctive relief staying the state court proceedings.

Further, allowing the Intervenors to continue the state proceedings, limited solely to the pursuit of declaratory relief, will only result in a delayed, as opposed to an immediate, collision between the state circuit court and DOAH's jurisdiction and this Court's jurisdiction. Therefore, this Court also **DENIES** the Intervenors' request that this Court allow the Intervenors to continue their state court claims so as to pursue only declaratory relief.

Finally, no final ruling has issued from the state circuit court. Thus, this Court finds no factual or legal basis upon which the Intervenors may pursue attorneys fees as a prevailing party in that proceeding. Therefore, this Court finds no reason to limit its injunctive relief in order to allow the Burr Intervenors' to pursue attorney fees. Accordingly, it is

**ORDERED** that the Intervenors' Motion For Reconsideration Of, or Relief From, Order On Motion To Alter or Amend Judgment be **DENIED**.

**DONE AND ORDERED.**