**In re Jeffrey Warren MILLER and Laura Lynn Miller d/b/a/ Florida Sweep, Debtors.**

**No. 9:05–bk–01650–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

May 8, 2008.

Scott A. Johnson, Johnson Law Group LLP, Minnetonka, MN, William G. Whitcomb, Fort Myers, FL, for Debtors.

*ORDER ON MOTION BY CAREFREE SERVICES, INC. AND SJOBERG & TEBELIUS, P.A. FOR RECONSIDERATION OR REHEARING ON ORDER ON MOTION FOR CONTEMPT SANCTION* (Doc. Nos. 67 and 65)

and

*ORDER SUSTAINING OBJECTION TO DEBTOR'S ATTORNEY FEES AND EXPENSES BY CAREFREE SERVICES, INC. AND SJOBERG & TEBELIUS, P.A.* (Doc. No. 71)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this re-opened Chapter 7 case of Jeffrey Warren Miller and Laura Lynn Miller (the Debtors) is a Motion by Carefree Services, Inc. and Sjoberg & Tebelius, P.A. for Reconsideration or Rehearing on Order on Motion for Contempt Sanctions (Doc. No. 67). On March 26, 2008, this Court entered its Order (Doc. No. 65), granting the Motion for Contempt and Sanctions (Doc. No. 51) against Carefree Services, Inc. (Carefree) and its counsel of record.

In its findings, this Court determined that Carefree and its counsel were "... in civil contempt for willful violation of the discharge injunction ..." by pursuing its litigation against Jeffrey Warren Miller (the Debtor) in the District Court, Fourth Judicial District, State of Minnesota (Minnesota State Court). Before considering the merits of the argument presented by counsel for Carefree, this Court notes and emphasizes the following.

■ A motion for reconsideration was never designed as a substitute for appeal to correct alleged errors committed by the trial court. A motion for reconsideration of a court's previous order is an extraordinary remedy and, therefore, courts are admonished that the power to grant such motions should be used sparingly. *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984); *The American Association of People With Disabilities v. Hood,* 278 F.Supp.2d 1337, 1339 (M.D.Fla.2003); *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority,* 814 F.Supp. 1072 (M.D.Fla.1993); *Paine-Webber Income Properties Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F.Supp. 1514, 1521 (M.D.Fla.1995).

■ It is generally recognized that motions for reconsideration of a final order should be only considered upon the showing of the following three bases: (1) the intervening change of the controlling law; (2) the availability of newly discovered evidence which could not have been obtained through due diligence at the original hearing; and (3) to enable the court to correct an egregious legal error and not to compel the litigant to go through the expensive appeal process to obtain relief from the error involved in the order. *See Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994); *Decker Coal Company v. Hartman,* 706 F.Supp. 745, 750 (D.Mont.1988); *Quitto v. Bay Colony Golf Club, Inc.,* No. 206CV286FTM–29DNF, 2007 WL 2808352 (M.D.Fla. Aug. 13, 2007).

On February 22, 2008, the Motion for Contempt Sanctions (Doc. No. 51) was fully litigated, and on March 26, 2008, this Court entered its Order rejecting the contentions of Carefree. Thus, the first two bases for reconsideration are not applicable and, therefore, will not be considered. However, the third basis for reconsideration, which is the correction of an egregious legal error, is present; thus, the substantive basis of the argument is appropriate to be revisited.

Without an unduly extensive discussion of the facts, a short recap of the relevant facts should suffice. The Debtors filed their Petition for Relief in this Court on February 25, 2005. It is without dispute that Carefree was not scheduled as a creditor on the Schedule of Liabilities, nor was the non-compete Amended Agreement disclosed in any of the documents filed by the Debtors with the Petition. Therefore, Carefree did not receive any notice of the Debtors' Bankruptcy case. On July 19, 2005, this Court entered its Discharge Order and its Final Decree and closed the Debtors' Chapter 7 Case.

On September 14, 2005, Carefree filed its Amended Complaint in the State Court of Minnesota and named the Debtor as a new defendant in that lawsuit. In due course, the Debtor filed his Answer to the Amended Complaint and set forth an affirmative defense, contending that by "operation of the bankruptcy," a claim for damages and injunctive relief was extinguished and barred. On September 27, 2005, Carefree filed a Motion for Temporary Injunction in the Minnesota State Court. On December 21, 2005, the Minnesota State Court entered its Order and denied Carefree's Motion for Temporary Injunction.

In its Order, the Minnesota State Court stated that Carefree failed to establish the criteria for injunctive relief. However, the court indicated that Carefree might be entitled to money damages based on the financial damages suffered pursuant to the non-compete agreement. The Debtor was represented in the Minnesota State Court by local attorneys who notified Carefree on November 7, 2006, and again on January 11, 2007, that the Minnesota State Court proceeding was in contempt of the Debtors' Bankruptcy discharge and demanded that the attorney representing Carefree dismiss the lawsuit.

On December 13, 2005, the Debtors filed a Motion to Re–Open their Chapter 7 case for the sole purpose of adding a creditor. On December 26, 2005, after the Motion to Re–Open was granted, the Debtors filed their amendment to Schedule F and included Carefree, for the first time, as a creditor holding a non-secured priority claim in the amount of $300,000.00 (Doc. No. 21). On March 23, 2006, the Debtors' Chapter 7 case was again closed. On April 18, 2006, the Debtors filed a Motion to Re-open their case for the sole purpose of filing a Motion for Sanctions which was granted. On June 14, 2006, the Debtors filed their Motion for Contempt against Carefree and its Counsel for Violating the Discharge Injunction (Doc. No. 46).

This Court, having recognized that the issue of the discharge and its effect was squarely within the jurisdiction of the Minnesota State Court, denied the Debtor's Motion for Contempt without prejudice pending the resolution of the issues before the Minnesota State Court. On June 27, 2007, the Minnesota State Court granted the Motion for Summary Judgment filed by the Debtor and concluded that it had jurisdiction over the matter. The Court further determined that the exemption to the discharge was applicable,

and since this was a no asset Chapter 7 bankruptcy case, the debts owed by the Debtor to Carefree were discharged, regardless of scheduling or notification to any creditor.

These are the relevant facts upon which this Court relied upon in imposing sanctions on Carefree and its counsel.

Upon reflection, this Court is satisfied that it's findings and conclusion was incorrect and upon reconsideration, the Order should be vacated for the following reasons:

■ First, the filing of a Complaint and Amended Complaint by Carefree in the Minnesota State Court seeking injunction and money damages occurred prior to the resolution of the issues clearly placed before the Minnesota State Court where the Debtor pled his discharge in bankruptcy as an affirmative defense. The fact that the Debtors obtained their discharge on July 19, 2005, had no barring effect on the dischargeability of the debt, *vel non,* and, therefore, the creditor was free to pursue what ever claim it had against the Debtor in a non-bankruptcy forum. The fact that the attorney for the Debtor notified Carefree's attorney on November 6, 2007, and January 11, 2007, that Carefree was in contempt of the Bankruptcy discharge unless he stopped the lawsuit is of no consequence simply because the question of dischargeability of the debt was not yet determined in an appropriate forum, that is, in the Minnesota State Court.

Based on the foregoing, this Court is satisfied that it committed an error in its March 26, 2008, Order on Motion for Contempt Sanctions (Doc. No. 65) and, therefore, the same should be vacated and the Motion for Contempt Sanction (Doc. No. 51) should be denied. In light of the foregoing, this Court is satisfied that the Mo-

tion for Contempt Sanctions (Doc. No. 51) should be denied as moot and Motion by Carefree Services, Inc. and Sjoberg & Tebelius, P.A. for Reconsideration or Rehearing on Order on Motion for Contempt Sanctions (Doc. No. 67) should be granted. Based on the same, the Objection of Carefree Services, Inc. and Sjoberg & Tebelius, P.A. to Debtor's Attorney Fees and Expenses is sustained.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion by Carefree Services, Inc. and Sjoberg & Tebelius, P.A. for Reconsideration or Rehearing on Order on Motion for Contempt Sanctions be, and the same is hereby granted (Doc. No. 67). It is further

ORDERED, ADJUDGED AND DECREED that the Order on Motion for Sanctions (Doc. No. 65) be, and the same is hereby vacated and the Motion for Contempt Sanctions (Doc. No. 51) be, and the same is hereby denied as moot. It is further

ORDERED, ADJUDGED AND DECREED that the Objections of Carefree Services, Inc. And Sjoberg & Tebelius, P.A. to Debtor's Attorneys Fees and Expenses (Doc. No. 71) be, and the same is hereby sustained.