### In re TALISMAN MARINA, INC., Debtor(s).

### No. 9:07–bk–08435–ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Oct. 16, 2008.

John F. Panzarella, Richard J. McIntyre, McIntyre, Panzarella, Thanasides & Eleff, Temple Terrace, FL, for Debtor.

T. Patrick Tinker, Office of the U.S. Trustee, Tampa, FL, for U.S. Trustee.

### *ORDER ON MOTION BY THACKERS, ET AL. FOR RECONSIDERATION OR REHEARING OF ORDER DENYING MOTION FOR SANCTIONS* (Doc. No. 101)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this dismissed Chapter 11 case of Talisman Marina, Inc. (Debtor), is a Motion by Thackers, et. al., (Movants) for Reconsideration or Rehearing of Order Denying Motion for Sanctions (Doc. No. 101). On September 3, 2008, this Court entered its Order (Doc. No. 97), denying the Movants Motion for Sanctions (Doc. No. 80) against the Debtor, the Debtor's president, Kerry H. Keathley, Richard J. McIntyre (McIntryre) and the McIntyre Law Firm, P.L., (collectively, the Respondents) pursuant to Fed. R. Bankr.P. 9011, as well as under Section 105 of the Bankruptcy Code.

In its findings, this Court determined that "... sanctions are not appropriate in this case. In order for sanctions to be imposed, Rule 9011 requires a finding by the court that a party made factual contentions to the court without factual sup-

port or reasonable belief there would be factual support. Fed.R.Bankr.P. 9011(b)(3). In this case, the Debtor was not a repeat filer, the case was not filed as a result of a two party dispute nor is this case a single asset case. The record is clear that the Debtor filed all of its required schedules, attended the Section 341 meeting of creditors, timely removed both state court actions to this court and filed its motion to sell property free and clear of all claims, liens and encumbrances. The record further supports the Respondents' position in that it was not until this Court entered its Order remanding the two state court actions back to the state court, and denied the Debtor's motion to sell the property, did the Movants file their Motion to Dismiss the Debtor's Chapter 11 case." Before considering the merits of the argument presented by counsel for the Movants, this Court notes and emphasizes the following.

■ A motion for reconsideration was never designed as a substitute for appeal to correct alleged errors committed by the trial court. A motion for reconsideration of a court's previous order is an extraordinary remedy and, therefore, courts are admonished that the power to grant such motions should be used sparingly. *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984); *The American Association of People With Disabilities v. Hood*, 278 F.Supp.2d 1337, 1339 (M.D.Fla.2003); *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072 (M.D.Fla.1993); *Paine-Webber Income Properties Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F.Supp. 1514, 1521 (M.D.Fla.1995).

■ It is generally recognized that motions for reconsideration of a final order should be only considered upon the showing of the following three bases: (1) the intervening change of the controlling law; (2) the availability of newly discovered evidence which could not have been obtained through due diligence at the original hearing; and (3) to enable the court to correct an egregious legal error and not to compel the litigant to go through the expensive appeal process to obtain relief from the error involved in the order. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994); *Decker Coal Company v. Hartman*, 706 F.Supp. 745, 750 (D.Mont.1988); *Quitto v. Bay Colony Golf Club, Inc.*, No. 206CV286FTM–29DNF, 2007 WL 2808352 (M.D.Fla. Aug.13, 2007).

■ On July 9, 2008, the Motion by Thackers, et al. for Sanctions (Doc. No. 80) was fully litigated, and on September 3, 2008, this Court entered its Order rejecting the contentions of the Movants. Thus, the first two bases for reconsideration are not applicable and, therefore, will not be considered. However, the third basis for reconsideration, which is the correction of an egregious legal error, is present; thus, the substantive basis of the argument is appropriate to be revisited.

Without an unduly extensive discussion of the facts, a short recap of the relevant facts should suffice. The voluntary Chapter 11 Petition in this case was filed on September 14, 2007. Shortly after filing the Petition, the Debtor removed two pending state court lawsuits to the District Court. In the Heartstone lawsuit, the Debtor was the plaintiff, while in the Thacker lawsuit, the Debtor, the Debtor's principals and other individuals were defendants. Eventually, these suits were transferred to this Court and later on were remanded back to state court.

Thacker's Motion for Remand was filed on November 21, 2007 (Doc. No. 26). The Order on Heartstone Development LLC's Motion to Remand and/or For Mandatory

Abstention was dated February 13, 2008 (Doc. No. 32) and filed in *Talisman Marina Inc. v. Heartstone Developers, LLC*, Adversary Proceeding 9:07–ap–00513–ALP. After the filing of the Bankruptcy Petition, this Court held a Chapter 11 status conference on October 4, 2007. At this conference, McIntyre asserted that litigation was not the purpose of the filing, and the key thing he hoped to accomplish was to wrap up the affairs of the company and distribute the assets, first to the creditors and then to equity.

On November 2, 2007, the U.S. Trustee conducted a Section 341 meeting of creditors, and Kerry H. Keathley testified on behalf of the debtor. When asked about the purpose of the bankruptcy, Mr. Keathley stated that it was to "liquidate the estate and satisfy the liabilities to creditors and move on." (341 transcript at page 9, lines 18–19). On November 9, 2007, McIntyre filed a motion on behalf of the Debtor seeking permission to sell property of the estate (Doc. No. 48).

On November 30, 2007, this Court conducted a continued status conference as well as a hearing on the Sale Motion. McIntyre requested that the Sale Motion be continued so he could file amendments to the Sale Motion. On December 13, 2007, this Court heard motion for remand and abstention by Thacker and Heartstone. This court granted the remand motions by Thacker and Heartstone on February 15, 2008 and a status conference was held on March 20, 2008.

On March 14, 2008, the Plaintiffs filed their Motion to Dismiss Chapter 11 Case (Doc. No. 69). On April 10, 2008, this Court entered an Order granting Plaintiffs' Motion to Dismiss (Doc. No. 78). In their Motion to Dismiss, Plaintiffs alleged that dismissal was appropriate pursuant to § 1112(b) of the Bankruptcy Code because the Chapter 11 Petition was filed in "bad faith" as a litigation tactic and because there was no reasonable likelihood of rehabilitation in a reasonable time. In the Dismissal Order, this Court found that "... it is clear that the Debtor's presence in Chapter 11 is wholly unjustified and filed solely for the purpose of avoiding the State Court litigation pending between Thacker and Heartstone and that there is no reasonable possibility of successful reorganization in reasonable time." (Dismissal Order at Pg. 9).

The Court further noted that "it was not until May 28, 2008, or approximately eight months after the Debtor filed its voluntary Petition for Relief did the Movants file their Motion for Sanctions, alleging, among other things, that the Respondents had acted in bad faith in signing and filing the Chapter 11 Petition of the Debtor. There is no factual evidence to support the Movants contentions that the Chapter 11 filing of the Debtor was made in violation of Rule 9011(b)(2) at the time it filed its Petition for Relief. The record is clear the Debtor filed its Petition for Relief to quickly and efficiently liquidate the property for the benefit of the creditors and eliminate the Debtor's involvement in any litigation." Based on the foregoing, this Court held that no sanctions should be imposed upon the Debtor, the Debtor's president, Kerry H. Keathley, Richard J. McIntyre or the McIntyre Law Firm, P.L., pursuant to Fed. R. Bankr.P. 9011.

These are the relevant facts upon which this Court relied upon when it rendered its decision not to impose sanctions upon the Respondents.

The Court has carefully considered the argument of counsel for the Movants and that of the Respondents and is satisfied that its decision under consideration was proper and should be reaffirmed for the following reasons.

Fed. R. Bankr.P. 9011(b) provides in part, that the "petition ... (1) ... is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation...." While it is clear that this Court did not specially deal with Rule 9011(b)(1) in its Order Denying Motion for Sanctions, this Court concluded that the Motion for Sanctions filed by the Movants pursuant to Rule 9011(b)(1), was equally inadequate because the Debtor did not file its Petition for Relief to "harass or to cause unnecessary delay or needless increase in the cost of litigation...."

Furthermore, in its Order denying Movants Motion for Sanctions, the Court states that "[t]here is no factual evidence to support the Movants contentions that the Chapter 11 filing of the Debtor was made in violation of Rule 9011(b)(2) at the time it filed its Petition for Relief." Therefore, this Court applied the applicable rule, coupled with the appropriate Eleventh Circuit case, and then ruled upon arguments presented by the Movants and Respondents, that sanctions were unwarranted under Rule 9011.

Lastly, the Movants assert that this Court failed to address in its Order Denying Motion for Sanctions under Section 105(a) of the Bankruptcy Code. This Court notes that at the July 9, 2008, hearing on the Movants' Motion for Sanctions, this Court observed that the Movants were not contending that sanctions were warranted on the basis of Section 105 and, therefore, denied inherent authority sanctions pursuant to the same.

For the reasons set forth, this Court is satisfied that there was nothing presented to this Court in the Movants' Motion (Doc. No. 101) that would warrant this Court to set aside its Order on Motion for Sanctions (Doc. No. 97) entered on September 3, 2008. Thus, based on the foregoing, this Court is satisfied that the Motion by Thackers, et. al., for Rehearing is granted and upon future reconsideration the Order which denied the Movants Motion for Sanctions, pursuant to Fed. R. Bank. P. 9011 is reaffirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion by Thackers, et. al., for rehearing be, and the same is hereby, granted and upon reconsideration the Order (Doc. No. 97) denying Motion for Sanctions (Doc. No. 80) entered by this Court on September 3, 2008, be, and the same is hereby, reaffirmed.