**Gulbin DEGIRMENCI, Plaintiff,**

v.

**SAPPHIRE—FORT LAUDERDALE, LLLP, a Florida limited liability limited partnership; Altman Sapphire GP, LLC; Regions Financial Corporation, a Delaware corporation, Defendants.**

Case No. 09–60089–CIV.

United States District Court,
S.D. Florida.

July 1, 2009.

Order Denying Reconsideration
July 28, 2009.

William Dunbar Tucker, Fort Lauderdale, FL, for Plaintiff.

Bernard Lewis Egozi, Joseph Harris Rose, Egozi & Bennett PA, Aventura, FL, for Defendants.

### ORDER GRANTING, IN PART, MOTION TO DISMISS

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendants Sapphire–Fort Lauderdale, LLLP and Altman Sapphire GP, LLC's Motion to Dismiss [DE–8]. The Court has carefully considered the Motion, Plaintiff's Response [DE–14], Defendants' Reply [DE–16], Plaintiff's Sur–Reply [DE–17], and is otherwise fully advised in the premises.

## I. *BACKGROUND*

Plaintiff filed the instant action on January 16, 2009. Defendant Sapphire–Fort Lauderdale, LLLP is a Florida limited liability limited partnership, with its principal place of business in Broward County, Florida. Defendant Altman Sapphire GP, LLC is the general partner and has its principal place of business in Palm Beach County, Florida. They were the developers of the project at issue (collectively referred to as "Developer"). Defendant Regions Financial Corporation is a bank holding company and a financial holding company.[1]

According to the Complaint, Plaintiff entered into a preconstruction agreement with Developer to purchase a condominium unit in the Fort Lauderdale Beach area on January 21, 2006. The sale was for a unit in the Sapphire Fort Lauderdale Condominium and the purchase price was $480,000.00. The project was billed as luxury condominiums. The Purchase Agreement ("Agreement") required a 20% escrow deposit and provided that Plaintiff would be given thirty days advance notice of the closing. The closing would occur only after construction was complete and a certificate of occupancy issued, and in any event, no later than January 31, 2010. By October 6, 2006, she paid the $96,000.00 escrow deposit.

The Agreement provides that in the event of a buyer's default, the Developer may retain 15% of the purchase price as liquidated damages or seek specific performance. Specifically it reads as follows:

[i]f Buyer defaults after fifteen percent (15%) of the Purchase Price, exclusive of interest, has been paid, Seller will refund to the Buyer any amount which remains from the payments Buyer made after subtracting fifteen percent (15%) of the Purchase Price, exclusive of interest. Any damage or loss that occurs to the Property while Buyer is in default will not affect Seller's right to liquidated damages. Buyer and Seller agree to this because there is no other precise method of determining Seller's damages. Seller may also seek to specifically enforce this Agreement.

Agreement [DE–4–2, Ex. 13 ¶ 13].

The Complaint goes on to allege that Regions provided the mortgage loan for the acquisition of the property on which the Project is being constructed and is providing mortgage loans for the construction of the Project. By way of assignments, transfer of rights, and creation of security interests, the Developer allegedly has ceded Regions significant authority and control over the Project. Thus, Plaintiff alleges, Regions has obtained a "super priority" security interest in all Purchase Agreements and purchaser escrow deposits, including Plaintiff's. The Complaint alleges that the net effect is that the Developer cannot modify or cancel any Purchase Agreement or return any escrow deposits without first obtaining Region's approval. Therefore, Plaintiff puts forth that Regions has thereby become subject to the Interstate Land Sales Full Disclosure Act ("ILSFDA").

In November 2008, Plaintiff informed the Developer that due to an adverse change in her personal financial circumstances, she would be unable to proceed with the purchase. She requested the return of her escrow deposit. The Developer refused, stating that it would not recognize her default until they gave her notice to close and she failed to do so. At that time, it would then retain the entire 20% escrow deposit. Developer informed

---

1. Defendant Regions Financial filed its own Motion to Dismiss [DE–21] on May 29, 2009.

The Motion is not yet ripe.

Plaintiff that Regions would not allow it to recognize any purchaser default until the issuance of a certificate of occupancy and that it would not agree to the return of any escrow funds. The Complaint alleges that this is Regions' institutional policy as it has a financial disincentive to pay the deposits under standby letters of credit.

Count I is a claim for declaratory judgment that all Defendants have and are anticipated to violate Plaintiff's rights under the ILSFDA for the return of her escrow deposit. She seeks a declaration that she is entitled to rescission and the return of her escrow deposit, or alternatively, that she is entitled to the return of her escrow deposit in excess of 15%, and award of attorney's fees and costs pursuant to 15 U.S.C. § 1703(d)(3) and 24 C.F.R. § 1715.4(b). Count II seeks a declaratory judgment that the Developer has violated her rights under the ILSFDA—specifically, 15 U.S.C. §§ 1703(a)(2)(A)-(D); 15 U.S.C. § 1703(d)(3); and 24 C.F.R. § 1715.4(b)—and thus that the Purchase Agreement is void and/or avoidable as against public policy. She again seeks rescission and the return of her deposit, or, alternatively, the return of her deposit in excess of 15%. Count III seeks an injunction against the Developer, requiring it to direct the escrow agent to return Plaintiff's escrow deposit. Count IV seeks a temporary and permanent injunction against Defendant Regions Bank to prohibit it from exercising certain contractual rights over the Developer, which have resulted in violations of Plaintiff's rights, and requiring payment under the letter of credit of all sums due Plaintiff in regards to her escrow deposit and an award of attorney's fees and costs. Count V seeks rescission of the Purchase Agreement for violations of the ILSFDA, damages, attorney's fees, prejudgment interest, and costs. Count VI seeks reformation of the Purchase Agreement to conform with 15 U.S.C. § 1703(d)(3) and 24 C.F.R.

§ 1715.4(b). Count VII is against Defendant Regions Bank for tortious interference with her contractual relationship with the Developer.

## II. DISCUSSION

### A. Motion to Dismiss Standard

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir.1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.* at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

### B. Motion to Dismiss

The Defendant Developer argues that Plaintiff fails to allege a single claim upon

which relief may be granted. The Court will address each of the arguments in the Motion to Dismiss in turn.

### 1. Return of Escrow Deposit

■ As noted above, Count I of the Complaint seeks a declaration, pursuant to 28 U.S.C. § 2201 and 15 U.S.C. § 1709, that the default provision of the contract deprived Plaintiff of her rights under 15 U.S.C. § 1703(d)(3) of the Interstate Land Sales Full Disclosure Act and 24 C.F.R. § 1715.4(b). She seeks either rescission of the Agreement or the return of her deposit in excess of 15%. Count II seeks a declaratory judgment that the Developer has violated 15 U.S.C. §§ 1703(a)(2)(A)-(D); 15 U.S.C. § 1703(d)(3); and 24 C.F.R. § 1715.4(b) under the ILSFDA, and thus that the Purchase Agreement is void and/or avoidable as against public policy.

Defendant argues that 15 U.S.C. § 1703(d)(3) provides that revocation for alleged failure to comply with the statutory disclosure language must be sought within two years of the date of execution. Therefore, Plaintiff was required to bring the claim within two years from the date the Agreement was signed. As the Agreement was executed on January 21, 2006 and the Complaint was filed on January 16, 2009, the action is time-barred. According to Defendant, pleading the claim as a declaratory judgment is an improper attempt to avoid the time limit. Thus, the Court should exercise its discretion in denying the declaratory judgment claim. Moreover, Defendant argues, § 1703(d) does not guarantee that a defaulting purchaser is entitled to a return of her deposit in excess of 15%. Defendant contends that to the extent Plaintiff is arguing that the Agreement was breached by a failure to return a portion of her deposit, this is a common law claim and does not arise under the ILSFDA.

Plaintiff counters that she is entitled to the return of her escrow deposit in excess of 15% of the purchase price. She admits that to the extent that she seeks rescission based on violations of § 1703(d), this is time barred by the two-year statute of limitations. However, she argues, all of her remaining claims are subject to the three year statute of limitations in 15 U.S.C. § 1703(b). However, despite this admission, Plaintiff then goes on to argue that the Agreement violated ILSA as it did not contain the language required by § 1703(d)(3)(A). Plaintiff also argues that there was an agreement between her and the Developer, under the liquidated damages provision, that the Developer's damages in the event of Plaintiff's default would be 15% of the purchase price. [Purchase Agreement, page 8, para. 13].

The ILSFDA is "an antifraud statute utilizing disclosure as its primary tool," enacted to "protect purchasers from unscrupulous sales of undeveloped home sites." *Winter v. Hollingsworth Properties,* 777 F.2d 1444, 1447 (11th Cir.1985). The Act makes it unlawful for a developer to sell or lease any lot in interstate commerce unless a printed property report, meeting certain requirements, has been furnished before the signing of a contract. 15 U.S.C. § 1703(a)(1)(B). Certain other disclosure are also required prior to the signing. *See e.g.,* 15 U.S.C. § 1703(d)(1) (a description of the lot making it clearly identifiable); 15 U.S.C. § 1703(d)(2) (that in the event of a default by the purchaser, written notice will be provided, allowing an opportunity to remedy the default). Section 1703(d)(3) requires that certain disclosures be made. Specifically, it states that if a contract does not provide:

> that, if the purchaser or lessee loses rights and interest in the lot as a result of a default or breach of the contract or agreement which occurs after the purchaser or lessee has paid 15 per centum

of the purchase price of the lot, excluding any interest owed under the contract or agreement, the seller or lessor (or successor thereof) shall refund to such purchaser or lessee any amount which remains after subtracting (A) 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, or the amount of damages incurred by the seller or lessor (or successor thereof) as a result of such breach, whichever is greater, from (B) the amount paid by the purchaser or lessee with respect to the purchase price of the lot, excluding any interest paid under the contract or agreement, [then the contract] may be revoked at the option of the purchaser or lessee for two years from the date of the signing of such contract or agreement

15 U.S.C. § 1703(d)(3).

The parties do not dispute that the Agreement included the required provision regarding the 15% deposit.[2] What Plaintiff is contending is that she should be able to enforce that provision and receive a return of her deposit. This is a breach of contract claim; it is not a claim premised on a violation of § 1703(d)(3) of the ILSA. The purpose of the ILSFDA is "to insure that a buyer, prior to purchasing certain kinds of real estate, is informed of facts which will enable him to make an informed decision about purchasing the property." *Law v. Royal Palm Beach Colony, Inc.,* 578 F.2d 98, 99 (5th Cir.1978).[3] Here, Plaintiff has not contended that she was not informed of the right to seek a return of her deposit—rather, she is claiming that she is entitled

to this return. Thus, the claims seeking declaratory relief for a violation of § 1703(d)(3) are hereby dismissed. Though the Complaint is unclear as to what precisely is sought in each count, it would appear that Count I would thus be dismissed, as would the portion of Count II that refers to § 1703(d)(3), the portion of Count V that refers to § 1703(d)(3), and Count VI. The Court would note that Plaintiff asserts jurisdiction premised on the ILSA. As the claims regarding Section 1703(d)(3) are more properly brought as state law claims, jurisdiction will only remain if the other remaining claims under the ILSFDA survive. These claims will be addressed below.

## 2. Specific Performance

■ The Complaint puts forth that the provision allowing the Developer to seek specific performance violates the ILSFDA, 15 U.S.C. § 1703(d)(3) and 24 C.F.R. § 1715.4(b). Defendant argues that Plaintiff cannot seek a declaration that the ILSFDA precludes specific performance. It argues that there is no provision in the Act precluding this right. As the legislature did not include such a proviso, it should be assumed that it knew what it was doing when it did so. It is not up to the courts to insert provisions into § 1703(d) that do not exist. Defendant argues that Florida law provides that the alternative right to seek specific performance is acceptable in the absence of an exclusive, stipulated remedy. Moreover, Plaintiff had acquiesced to the provision by signing the Agreement.

**2.** Plaintiff does point out that the Agreement did not contain the second part of the provision regarding the "amount of damages incurred by the seller," but she does not contend that this results in a violation. Instead, she argues that as the ILSFDA is meant to protect the buyer, the developer cannot now

attempt to rely on that provision since it chose not to include it.

**3.** The Eleventh Circuit, in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Plaintiff argues that § 1703(d) precludes specific performance as it only provides for the return of a portion of the deposit. She contends that the provision would be rendered meaningless if specific performance was allowed. Plaintiff points to HUD regulations, 24 C.F.R. § 1715.4(b), providing that "no damages may be specified in the contract or agreement, except a liquidated damages clause not exceeding 15 percent of the purchase price of the lot, excluding any interest owed."

Neither party has provided and the Court has been unable to locate, case law examining this issue.[4] However, the Court finds that nothing in Section 1703(d) indicates that additional provisions may not be added to a contract. The Court agrees with Defendant that Congress could have indicated it was limiting the rights to only the 15% proviso. *See Taylor v. Holiday Isle, LLC,* 561 F.Supp.2d 1269, 1275 (S.D.Ala.2008) ("Courts are quite naturally leery of interpreting statutes in a manner that effectively tacks on new language that Congress did not see fit to include.") (citing *Harris v. Garner,* 216 F.3d 970, 976 (11th Cir.2000) ("We will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it.")).

As discussed above, the ILSFDA is concerned with disclosures being made in relation to land sales. Congress was ensuring that the language provided in § 1703(d)(3) would be included in a contract. However, nothing indicates that other provisions could not be included. Plaintiff argues that the regulation at Section 1715.4(b) limits the ability to specify damages. However, the Court does not read this to include specific performance. Specific performance is a remedy, not damages. *See* BLACK'S LAW DICTIONARY (Bryan A. Garner, ed., 7th ed. 2000) at 1131 ("Specific performance: A court-ordered *remedy* that requires precise fulfillment of a legal or contractual obligation when monetary *damages* are inappropriate or inadequate ... an equitable remedy that lies within the court's discretion to award whenever the common-law remedy is insufficient, either because damages would be inadequate or because the damages could not possibly be established.") (emphasis added). Notably, in 15 U.S.C. § 1709, the ILSFDA treats these terms separately. In providing relief for violations, it allows a purchaser to seek "damages, *specific performance,* or such other relief as the court deems fair, just, and equitable." 15 U.S.C. § 1709. (emphasis added). Accordingly, the Court finds that this allegation does not state a claim for relief. Again, the Complaint is somewhat unclear as to what is being pled in each count. However, as the counts pertaining to Section 1703(d)(3) were already dismissed above, this would cover the claims to the extent that Plaintiff claims the specific performance clause violates § 1703(d)(3) as well.

### 3. Fraud

Plaintiff claims that Defendant has violated 15 U.S.C. § 1703(a)(2)(A)-(C). These provisions provide as follows:

> (2) with respect to the sale or lease, or offer to sell or lease, any lot not exempt under section 1702(a) of this title [it shall be unlawful]:

---

**4.** Plaintiff did supply a Notice of Supplemental Authority [DE–25], in which it provided a copy of Judge Marra's recent decision in Case No. 08–80039, *Stefan v. Singer Island Condos., Ltd., et al.,* 2009 WL 1515529 (S.D.Fla. May 28, 2009) in which he deferred ruling on this issue on motions for summary judgment. With all due respect to Judge Marra, the Court is not persuaded to avoid the legal issue before it based on that case.

**(A)** to employ any device, scheme, or artifice to defraud;

**(B)** to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision;

**(C)** to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser;

15 U.S.C.A. § 1703(a)(2)(A)-(C).

█ Defendant argues that Plaintiff has failed to allege fraud with the requisite particularity. In Count II, Plaintiff pleads that the Developer knew with certainty that it would enter into the agreements with Regions and cede control to it. In addition, she alleges that the preconstruction pricing constituted alleged fraud, as Defendant only advertised higher prices to induce her to retain her commitment to the contract. Defendant argues that these allegations fail to meet the standard for particularity as required for pleading fraud. Defendant also argues that Plaintiff is unable to establish reasonable reliance on any alleged misrepresentations or omissions. She is charged with knowledge of the terms of the Agreement and affirmatively agreed to the provisions within it. The Agreement expressly informed her that the Defendant might borrow from lenders and that her rights would be subordinate to all mortgages or future mortgage modifications. Thus, Plaintiff was on notice that the Developer could have a lender with a security interest and that her rights were subordinate to that lender. Therefore, her allegations as to the Developer ceding control to Regions are contradicted by the terms of the Agreement. Accordingly, these allegations that the lending agreements and letters of credit were tantamount to fraud fail as a matter of law. Defendant also argues that the terms of the Agreement defeat Plaintiff's allegations regarding the pre-sale pricing. She accepted that there could be no reliance on any representations of potentials for future profit or appreciation in value.

█ Plaintiff contends that her allegations are sufficiently specific to meet the Rule 9(b) requirements. As for the reasonable reliance arguments, Plaintiff contends that the Agreement does not inform her that her rights under federal law and the Agreement would be violated by the control ceded to Regions. Thus, she has established reasonable reliance. Plaintiff also argues that it is the Defendant's post-sale pricing that she is complaining about. The post-sale pricing constituted a device by which to defraud her in violation of 15 U.S.C. § 1703(a)(2)(A).

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). The Eleventh Circuit has noted that because "fair notice is '[p]erhaps the most basic consideration' underlying Rule 9(b), the plaintiff who pleads fraud must 'reasonably notify the defendants of their purported role in the scheme.'" *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir.1997) (quoting *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir.1992)). Therefore, a Plaintiff must plead fraud with sufficient details. However, Rule 9(b) must be read in conjunction with Rule 8(a) so as to not "abrogate the concept of the notice pleading." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988).

The Eleventh Circuit stated in *Ziemba v. Cascade International, Inc.* that: "Rule 9(b) is satisfied if the Complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001).

The Court agrees with Defendant that the Complaint lacks the requisite level of particularity to satisfy Rule 9(b). *See e.g. Garcia v. Santa Maria Resort, Inc.*, 528 F.Supp.2d 1283, 1294–95 (S.D.Fla.2007) (dismissing claims under the ILSFDA for failing to plead fraud with particularity). She has not indicated precisely what statements were made, where they were made, who made them, what the contents of the statements were, and what the Defendants obtained as a result. Given that the Court has found that the Complaint lacks the sufficient particularity, it is unable to determine the merits of the arguments regarding reasonable reliance. The Complaint is unclear as to how precisely Defendant committed any acts of fraud and thus it is unclear at this time whether Plaintiff reasonably relied on any statements. Accordingly, claims premised on 15 U.S.C. § 1703(a)(2)(A)-(C) are hereby dismissed, with leave to amend. This would be the portions of Counts II and V pertaining to those violations.

#### 4. Recreational Amenities

■ The Complaint also alleges that the Purchase Agreement violates the ILSFDA as it fails to contain any provision obligating the Developer to provide the recreational amenities it promotes in its sales brochures, such as valet parking, 24–hour concierge, a state of the art fitness center, and full-service business center. 15 U.S.C. § 1703(a)(2)(D). Defendant argues that Plaintiff fails to state a cause of action under § 1703(a)(2)(D) as the Agreement expressly provided that a more detailed description of the amenities was included in attachments.

15 U.S.C.A. § 1703(a)(2)(D) provides that it is unlawful "to represent that roads, sewers, water, gas, or electric service, or recreational amenities will be provided or completed by the developer without stipulating in the Agreement of sale or lease that such services or amenities will be provided or completed." The Agreement filed with the Complaint does not contain a specific stipulation as to what recreational amenities will be provided. [DE–4–2, Ex. 13]. It does state that the "Unit and Condominium are described in greater detail in this Agreement and the proposed Declaration of Condominium" (the "Declaration") included in the Prospectus and attached exhibits (the "Condominium Documents"). These documents have not been attached to the Agreement. The Court finds that this is a factual issue to be determined at a later stage. Thus, the Court finds that at this time, the Complaint states a claim. However, the Court would note that Plaintiff may not simply craft an argument by failing to provide all documents that were originally provided. However, as pled, the claim is sufficient. Therefore, this Court has subject matter jurisdiction under the ILSFDA and supplemental jurisdiction over any state law claims that may be added in an amended complaint.

### III. *CONCLUSION*

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1) Defendants Sapphire–Fort Lauderdale, LLLP and Altman Sapphire GP, LLC's Motion to Dismiss [DE–8] is **GRANTED IN PART AND DENIED IN PART.**

2) In terms of any claims seeking enforcement of § 1703(d)(3), these claims are **DISMISSED,** without prejudice to being replead as a breach of contract claim.

3) Count I and Count VI are **DISMISSED.** In amending the Complaint, Plaintiff is to clearly state the facts of each violation and separate counts for each such violation.[5]

4) The claims for violations of § 1703(a)(2)(A)-(C), in alleging fraud, are **DISMISSED,** for failure to be pled with particularity. These claims may be amended in accordance with this Order.

5) The Motion is **DENIED** as to the claim under § 1703(a)(2)(D).

6) An Amended Complaint shall be filed on or before July 17, 2009.

### ORDER DENYING MOTION FOR RECONSIDERATION; DENYING MOTION TO STRIKE

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration [DE–34]. The Court has carefully considered the Motion, the Response [DE–39], the Reply [DE–43], Defendant's Motion to Strike Reply [DE–46], the arguments of Plaintiff at oral argument, and is otherwise fully advised in the premises. This Order memorializes the holding of the Court as stated on the record in the hearing on July 24, 2009.

Defendants Sapphire–Fort Lauderdale, LLLP and Altman Sapphire GP, LLC filed a Motion to Dismiss [DE–8], which was granted in part on June 30, 2009 [DE–32]. Plaintiff now seeks reconsideration of the portion of the Order that held that the Interstate Land Full Disclosure Act did not preclude a provision for specific performance. The Complaint had put forth that the provision allowing the Developer to seek specific performance violates the ILSFDA, 15 U.S.C. § 1703(d)(3) and 24 C.F.R. § 1715.4(b). In granting the Motion to Dismiss, the Court found that nothing in the language of the statute indicated that other provisions could not be added to contracts to provide for specific performance.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d 1366, 1370 (S.D.Fla.2002) (citing *Mannings v. School Board of Hillsborough County,* 149 F.R.D. 235, 235 (M.D.Fla.1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d 1366, 1369 (S.D.Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis,* 808 F.Supp. 1561, 1563 (S.D.Fla.1992)). Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D.Fla.1999); *Sussman v. Salem Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994)). For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior

---

**5.** For example, in the current Complaint, Plaintiff puts forth a series of facts and makes statements as to how this violates her rights. Then in each count, there is a listing of multiple violations of the ILSFDA within each, without a clear statement of what each count alleges or is seeking under each provision. These should be broken into separate counts.

decision. *Id.* (citing *Sussman,* 153 F.R.D. at 694).

The Court notes that Plaintiff cites to Federal Rule of Civil Procedure 54(b) for the basis of her motion, but then concedes that the rule does not provide specific grounds for revision. Plaintiff goes on to contend that justice requires reconsideration of the Order to the extent it found that the specific performance clause in the parties' contract is not precluded by the Interstate Land Full Disclosure Act—thus citing the same standard the Court has discussed above. As the Court stated on the record at the July 24, 2009 hearing, it does not find a revision of the Order on the Motion to Dismiss warranted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Motion for Reconsideration [DE–34] is **DENIED.**

2) Defendant's Motion to Strike Reply [DE–46] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this the 27th day of July, 2009.