[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 07-15822 & 09-13847
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2010
JOHN LEY
CLERK

D.C. Docket No. 06-01696-CV-TWT-1

KEN DIXON,

Plaintiff-Appellant,

versus

BOARD OF REGENTS OF THE UNIVERSITY
SYSTEM OF GEORGIA,
KEN VANCE, individually,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(April 30, 2010)

Before EDMONDSON, BIRCH and HILL, Circuit, Judges.

PER CURIAM:

Ken Dixon brought this action against the Board of Regents of the University System of Georgia and Ken Vance, individually. He sought damages and injunctive relief under 42 U.S.C. § 1983 for his termination by defendants, allegedly in violation of the First Amendment. The district court granted summary judgment to defendants, and Dixon appealed. After this appeal was before us, Dixon filed for a stay while certain state proceedings claimed to have the potential to impact his appeal were pending. A panel of this court granted the stay. After the conclusion of those proceedings, Dixon filed a Rule 60(b) motion to vacate the prior summary judgment, which the district court denied. Dixon filed this appeal of the denial, which was consolidated with his prior appeal.

Our review of the record in this case supports the district court's conclusion that Dixon did not proffer sufficient evidence to create a jury question on the issue of whether he was terminated by defendants for First Amendment protected speech. Defendants did offer competent evidence that Dixon violated their internal policies with regard to accessing a co-worker's computer, and that he was insubordinate. In view of defendants' substantial evidence supporting their claim that they would have taken the same actions in the absence of any protected speech, the district court's conclusion that Dixon failed to establish his prima facie

2

case of unconstitutional termination was not error.

Furthermore, even if there had been a constitutional violation of Dixon's First Amendment rights, Vance, the individual defendant, would have been entitled to qualified immunity since it was not clearly established that his termination of Dixon under the circumstances of this case would have constituted a First Amendment violation. *See Anderson v. Burke County, Ga.*, 239 F.3d 1216, 1222 (11th Cir. 2001) ("[O]nly in the rarest of cases will reasonable government officials truly know that the termination or discipline of a public employee violated 'clearly established' federal rights").

The district court also correctly denied Dixon's Rule 60(b) motion, holding that Dixon failed to show any substantial change in the factual or legal underpinning of the facts and circumstances relied upon by the district court in granting defendants' motion for summary judgment. *See Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). Dixon's Rule 60(b) motion asserted that a determination by a state agency to dismiss proceedings against him involving his certification to engage in law enforcement activities constitutes the required "substantial change" in the factual or legal underpinnings of the district court's grant of summary judgment. We do not agree. The state agency merely decided that there was "insufficient

evidence" for it to pursue the revocation of Dixon's certification to engage in law enforcement activities on the basis of his termination by defendants. This determination does not constitute a substantial change in the factual or legal underpinnings of the summary judgment granted in this case. There were no determinations of fact whatsoever in the state agency's decision not to pursue the allegations against Dixon. The agency merely recited that the available evidence was insufficient to pursue the charges against Dixon. The notification contained no findings as to what the facts actually were, and most importantly did not find that Dixon did not engage in the insubordination for which, defendants assert, he was fired and which the district court held was properly supported by the summary judgment record. As such, the agency dismissal does not constitute an adequate basis for holding that the district court erred in denying the Rule 60(b) motion.

Accordingly, the judgments of the district court in these consolidated cases are

AFFIRMED.