# United States Court of Appeals for the Federal Circuit

05-1110

GEMMY INDUSTRIES CORPORATION,

Plaintiff-Appellant,

v.

CHRISHA CREATIONS LIMITED
and QUAY RICHERSON,

Defendants-Appellees.

William D. Coston, Venable, LLP, of Washington, DC, argued for plaintiff-appellant. With him on the brief was Martin L. Saad. Of counsel was Kevin B. Collins.

Stephen J. Smirti, Jr., Rivkin Radler LLP, of Uniondale, New York, argued for defendants-appellees. With him on the brief was Celeste M. Butera. Of counsel was Pia E. Riverso.

Appealed from: United States District Court for the Southern District of New York

Senior Judge Robert W. Sweet

# United States Court of Appeals for the Federal Circuit

05-1110

GEMMY INDUSTRIES CORPORATION,

Plaintiff-Appellant,

v.

CHRISHA CREATIONS LIMITED
and QUAY RICHERSON,

Defendants-Appellees.

_____

DECIDED:  June 22, 2006
_____

Before NEWMAN, MAYER, and SCHALL, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

This appeal is from a judgment of the United States District Court for the Southern District of New York, reported at <u>Gemmy Indus. Corp. v. Chrisha Creations Ltd.</u>, 72 USPQ2d 1409 (S.D.N.Y. 2004).  Gemmy Industries had filed suit against Chrisha Creations Limited and Mr. Quay Richerson for infringement of United States Patent No. 6,644,843 (the '843 patent) and for copyright and tort claims not now before us.  Chrisha filed suit against Gemmy for various claims, primarily directed to unfair competition and commercial tort claims.  The district court ruled on summary judgment that the '843 patent was invalid

on the ground that the invention was on sale more than one year before the filing of the '843 patent. After that ruling, Chrisha raised issues arising from Gemmy's sale of patent-marked products after the district court's invalidity ruling, and the district court entered a preliminary injunction on the issue of patent marking. Chrisha Creations, Ltd. v. Gemmy Indus. Corp., No. 03-8937 (S.D.N.Y. Nov. 1, 2004). Later, Chrisha requested enforcement of the preliminary injunction, but the district court found that Gemmy had complied with the injunction and there was no reason to alter it. Chrisha Creations, Ltd. v. Gemmy Indus. Corp., No. 03-8937 (S.D.N.Y. Feb. 7, 2005).

Gemmy sought an interlocutory appeal, and this court agreed to receive the appeal of the judgment of invalidity pendent to the appeal of the preliminary injunction, on the basis that the preliminary injunction depends on the ruling of invalidity.[1] We conclude that the on-sale issue could not be decided adversely to Gemmy on summary judgment, for disputed material facts, if viewed favorably to Gemmy, do not support the judgment. The summary judgment of invalidity is vacated. In view of our vacatur of the summary judgment, the preliminary injunction is also vacated.

BACKGROUND

Gemmy Industries and Chrisha Creations are competitors in the business of holiday decorations. Gemmy's '843 patent is directed to the structure of an inflatable decorative holiday figure, illustrated in patent Figure 1:

---

1    Gemmy Indus. Corp. v. Chrisha Creations, Ltd., No. 05-1110 (Fed. Cir. March 15, 2005) (accepting appeal of invalidity issue based on appeal of injunction issue).

*FIG. 1*



Claim 1, the broadest claim, recites:

**1.** An inflatable figure assembly, comprising:

a hollow body made with permeable fabric forming a figure;

a base with a central hole;

a fastening member securing said hollow body to a circumference of said base;

a fan disposed over said central hole to discharge air into the hollow body;

at least three fastening protrusions around an edge of said body;

at least three legs, each secured in one of said fastening protrusions and supporting said base at a defined height above a surface to allow sufficient air to enter said fan;

05-1110          3

a first power cord connected to said fan;

wherein said hollow body allows air to diffuse through it at a rate no faster than said fan discharges air into said hollow body;

a lighting system inside said hollow body, comprising a second power cord extending from a top of said inflatable figure assembly to said fan and a plurality of lighting bodies secured along said second power cord;

wherein each of said plurality of lighting bodies further comprises a lower cover with a base, an upper cover with a base, a bulb disposed between said upper and said lower cover and connected to said second power cord, and a fastening piece;

fasteners to secure said base of said lower cover, said base of said upper cover, and said fastening piece together.

The United States patent application, naming Tsai Chin-Cheng of Taiwan as inventor, was filed on January 9, 2002. On Chrisha's motion for summary judgment, the district court ruled that the patented invention was on-sale before the critical date of January 9, 2001, invalidating the patent. Gemmy states that the requirements of the on-sale bar were not met, citing the requirements of Pfaff v. Wells Electronics, Inc., 525 U.S. 55, 67-68 (1998), that to establish an on-sale bar the challenger must show that before the critical date the invention was both the subject of a commercial offer for sale in this country,[2] and ready for patenting when the invention was offered.

The following facts are undisputed on the summary judgment motion: in August 2000 Gemmy began development of inflatable outdoor decorative figures, through its design and production facility in China. In October 2000 certain prototype inflatable Halloween and Christmas figures were exhibited at Hong Kong to potential customers. The prototypes were inflated by a hair dryer through a long tube, whereas the patent claims require that the

---

2       Gemmy does not contest the implicit premise that the relevant on-sale events took place in this country.

assembly has a fan in the base for inflation of the figure. The prototype inflatables were seen at that time by approximately thirty retailers, and there were "quote sheets" that included "an estimated price for the [product], measurements, and sometimes weights," as found by the district court. The district court found that no sales orders were taken at the time of the Hong Kong display. The district court stated, and it appears to be undisputed, that the first commercial shipments were made in May 2001.

In January 2001 Gemmy's president, Mr. Dan Flaherty, visited the factory in Hong Kong. He observed that the hair dryer had been replaced with a box fan. The record before us contains no other evidence concerning this aspect of the invention, and Chrisha states that Gemmy resisted discovery of engineering drawings and sales records. Various discovery disputes and sanctions were not resolved in connection with the summary judgment.

The record states that Gemmy and Chrisha retained the same independent sales representative, Mr. Quay Richerson. In 2001 Chrisha commissioned the Chinese companies, Shanghai Toy Art and Great Success Toys, to create and produce inflatable decorative figures. Gemmy states that Chrisha learned of and imitated Gemmy's products, implicating Quay Richerson. On October 21, 2003, after the '843 patent was allowed but before it issued, Gemmy filed suit in the United States District Court for the District of Kansas against Chrisha and Mr. Richerson for trade secret violation, copyright infringement, and other commercial torts. With its amended complaints and requests for preliminary injunction, Gemmy filed the following Statement of its president Dan Flaherty, made by affidavit dated November 7, 2003:

Gemmy has been selling its Airblown Inflatable product line since at least October 2000. Each Airblown Inflatable is made up of a base containing a fan unit, an inflatable body attached to the base and a string of enclosed lights extending through the inflatable body.

The '843 patent issued on November 11, 2003. On November 12, 2003 Chrisha sued Gemmy in the United States District Court for the Southern District of New York, charging Gemmy with false advertising and other commercial torts, and seeking a declaratory judgment of noninfringement as well as invalidity of Gemmy's patent, copyrights, and trade dress. On November 17, 2003 Gemmy amended the complaint in Kansas to include a count for patent infringement. In December 2003 Chrisha moved to dismiss Gemmy's suit in Kansas for lack of personal jurisdiction, and also moved for summary judgment of invalidity based on the on-sale bar, citing Flaherty's affidavit as an admission of sales "since at least October 2000."

On January 28, 2004 the Kansas court transferred the case to the Southern District of New York, where the Kansas and New York actions were consolidated. By declaration dated February 9, 2004 and filed in New York, Mr. Flaherty modified the statements in his affidavit of November 7, 2003. He stated that he knew that at the Hong Kong display the prototypes were inflated using a hair dryer, and that "Gemmy never intended to nor did it anticipate shipping the prototypes with the hair dryers." He stated that the Hong Kong prototypes underwent several structural changes before a commercial product was available for sale, including the box fan in the base and other claimed elements.

That the October 2000 prototypes were inflated using an external hair dryer was corroborated by the deposition testimony of defendant Quay Richerson, and

contemporaneous photographs.  The district court accepted Gemmy's position as to the structure of the Hong Kong prototype, and that no sales orders were taken:

> The initial prototype was inflated by a hair dryer through a long tube.  In October 2000, Gemmy showed the prototype at a meeting for approximately thirty representatives of retailers.  Some of those representatives requested and were provided with quote sheets.  The quote sheet provided specifications on the prototype, including an estimated price for the product, measurements, and sometimes weights.  No sales orders for the prototype were taken or provided at that time.
>
> In January 2001, the prototype was altered in that the hair dryer was replaced with a box fan that inflated the prototype through a long tube.  The first airblown inflatable figures were shipped in May 2001.

Gemmy Industries, 72 USPQ2d at 1411.  Despite stating these facts favorable to Gemmy's position, the district court held on summary judgment that the patented product was invalid for violation of the on-sale bar, finding that Gemmy "developed, displayed to customers, marketed and quoted to customers for sale in October 2000." Id. at 1419.  Gemmy states that these adverse findings of disputed facts could not be made on summary judgment, pointing to the directly conflicting statements in the district court's opinion.

On October 13, 2004, Chrisha moved to amend its complaint against Gemmy to add counts for false marking, 35 U.S.C. §292, and false advertising, 15 U.S.C. §1125(a), based on the sale of products marked with Gemmy's patent number following the district court's invalidity ruling.  Chrisha also sought a preliminary injunction on its false marking and false advertising claims and demanded a recall of all marked products.  On November 1, 2004, the district court entered a preliminary injunction on false marking and false advertising ordering that Gemmy:  (1) stop manufacturing, selling, and distributing any goods marked with the '843 patent number; (2) conceal or remove markings from its inventory; and, (3) request that retailers either return marked goods or conceal any markings.  Chrisha

_Creations Ltd. v. Gemmy Indus. Corp._, No. 03-8937 (S.D.N.Y. Nov. 1, 2004). On November 22, 2004, Chrisha requested enforcement of the preliminary injunction and a recall of marked products from independent retailers. The district court rejected Chrisha's request, finding that Gemmy "has complied with the injunction" and "[n]o evidence has been submitted to require modification of the injunction." _Chrisha Creations Ltd. v. Gemmy Indus. Corp._, No. 03-8937 (S.D.N.Y. Feb. 7, 2004).

## I

## THE ON-SALE BAR

The patent statute, 35 U.S.C. §102(b), permits a one-year grace period after the invention is first sold or placed on sale, before the entitlement to a patent is barred:

> **§102** A person shall be entitled to a patent unless --
>
> * * *
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . .

The statute guards against undue delay in commencing the patenting process, while providing a year wherein an inventor may assess the commercial potential of the invention without losing the opportunity of patenting it in the United States.

Because patents bear a presumption of validity, 35 U.S.C. §282, invalidity based on the on-sale bar must be established by clear and convincing evidence. _Group One, Ltd. v. Hallmark Cards, Inc._, 254 F.3d 1041, 1045-46 (Fed. Cir. 2001). The rules of summary judgment require that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when a reasonable trier of fact could not find other than for the movant, when

drawing all reasonable factual inferences in favor of the non-movant, and with the due consideration of the burden of proof. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## A

Gemmy argues that these inflatable products were incompletely developed when the prototypes were exhibited in October 2000 and were not ready for patenting. Gemmy points out that the evidence was undisputed that the products that were exhibited were inflated with a hair dryer, not the base fan required by the claims. Gemmy states that Flaherty's initial affidavit should be construed as he clarified and corrected it, and offers the explanation that when Flaherty stated that Gemmy "has been selling" the product since October 2000, he meant that Gemmy was promoting the product that was being developed, for he knew that the hair-dryer inflation was expected to be changed. Gemmy states that the product that was patented was not ready for patenting in October 2000. See Pfaff, 525 U.S. at 67-68 (for the on sale bar to arise there must be both a commercial offer of sale and the product must be ready for patenting).

Gemmy states that the burden was on Chrisha to show that the product was both ready for patenting and the subject of a commercial offer for sale before the critical date. Chrisha responds that the initial averment of Gemmy's president shifted the burden of proof or of rebuttal to Gemmy. Chrisha argues that Flaherty did not adequately reconcile his initial affidavit with his changed position, and that Gemmy was required not only to explain why Flaherty initially made an incorrect averment, but also to provide evidence of its first sale and when the engineering design was completed, citing Sinskey v. Pharmacia Opthalmics, Inc., 982 F.2d 494, 498 (Fed. Cir. 1992) ("[H]e has the duty to provide a

satisfactory explanation for the discrepancy at the time the declaration is filed. To allow him to preclude summary judgment simply by contradicting his own prior statements would seriously impair the utility of Federal Rule of Civil Procedure 56."). Gemmy responds that even if the evidence is viewed as conflicting, at a minimum there is a genuine issue of material fact as to the state of the invention at the Hong Kong display.

We agree that although a party cannot simply contradict an earlier sworn statement, id.; see also Mack v. United States, 814 F.2d 120, 124-25 (2d Cir. 1987) (stating that a party cannot overcome summary judgment by offering an affidavit that contradicts earlier sworn testimony), here there was credible evidence supporting the contradiction. Sinskey, 982 F.2d at 498; see also Langman Fabrics v. Graff Californiawear, Inc., 160 F.3d 106, 112-13 (2d Cir. 1998) ("If there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because of an earlier account that was ambiguous, confusing, or simply incomplete.").

These issues, which depend on findings of material fact and include issues of credibility and weight, cannot be decided adversely to the non-movant on summary judgment. The burdens of proof are of course considered in connection with summary judgment, and admissions against interest are relevant; however, the fundamental premise of a grant of summary judgment is that no reasonable jury could find other than in favor of the movant, when all reasonable factual inferences are drawn in favor of the non-movant. See Anderson, 477 U.S. at 255.

The district court did not state that it was rejecting Flaherty's qualification of his initial affidavit, for the district court found, and Chrisha does not dispute, that the October 2000

display did not have a base containing a fan unit, as required by all the claims. Yet the court necessarily held on summary judgment that the prototype was ready for patenting. These determinations are irreconcilable. Even were we to accept, as Chrisha proposes, that the district court held Gemmy to Flaherty's initial statement, the undisputed evidence that the product displayed was not the patented invention removes these events from meeting the requirement of Pfaff, 525 U.S. at 68, that the patented invention must be "fully disclosed" in the product that was on sale. The product offered for sale must be the product that is claimed in the patent. Space Systems/Loral, Inc. v. Lockheed Martin Corp., 271 F.3d 1076, 1080-81 (Fed. Cir. 2001).

We conclude that the first Pfaff requirement, that the product was "ready for patenting," could not be deemed to have been met in accordance with summary judgment standards.

**B**

Gemmy also argues that the second requirement of Pfaff and of §102(b), that there be a commercial offer of sale, was not met by the "quote sheets" distributed in Hong Kong. Gemmy states that these quotations were comparable to the information in Linear Technology Corp. v. Micrel, Inc., 275 F.3d 1040 (Fed. Cir. 2001), where the court held that "publication of preliminary data sheets and promotional information" indicates no more than preparation to place the product on sale. Id. at 1050. Gemmy also argues that there is no commercial offer of sale when key terms of a sale are absent, citing Elan Corp., PLC v. Andrx Pharm., Inc., 366 F.3d 1336 (Fed. Cir. 2004), which held that there was not an offer for sale where the communication lacked "quantities, time of delivery, place of delivery, or product specifications beyond the general statement that the potential product would be a

500 mg once-daily tablet." <u>Id.</u> at 1340-41. The <u>Restatement</u> is in accord. <u>See</u> <u>Restatement 2d of Contracts</u> §33(3) ("The fact that one or more terms of a proposed bargain are left open and uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance.")

Chrisha argues that the purpose of displays to customers such as that in Hong Kong is to solicit orders, and that orders must have been taken at some time because deliveries were made the following May. Although Chrisha states that Gemmy refused discovery of its sales records and engineering design documents, claiming privilege, the district court did not state that its summary judgment was based on any discovery sanction.

## C

For these reasons, the summary judgment of invalidity based on the on-sale bar is vacated. We remand for further proceedings.

## II

With respect to patent marking, the injunction must be reassessed in view of our vacatur of the judgment of invalidity. Thus we need not repeat the details and objections relating to the placement and removal of the patent number on Gemmy's products. We discern no flaw in the district court's handling of the matter, including the ruling that Gemmy had complied with the court's injunction.

On the present posture of the case the injunction as to marking is of no further relevance, and is vacated.

<u>VACATED AND REMANDED</u>