# In the United States Court of Federal Claims

No. 15-1256C
(Filed January 23, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
RES REI DEVELOPMENT, INC.,        *
                                  *
                Plaintiff,        *
                                  *
        v.                        *
                                  *
THE UNITED STATES,                *
                                  *
                Defendant,        *
                                  *
        and                       *
                                  *
ST. MICHAEL'S INC. and            *
FEDERAL ACQUISITION               *
SERVICES TEAM, LLC,               *
                                  *
        Defendant-Intervenors.    *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

The Court previously issued an opinion granting defendant's motion for judgment on the administrative record and denying plaintiff's motion for judgment on the administrative record, finding that the United States Special Operations Command's (SOCOM or the agency) decision to exclude Res Rei Development, Inc. (Res Rei) from the competitive range did not violate any law or regulation and was not arbitrary or capricious. *Res Rei Dev't, Inc. v. United States*, 126 Fed. Cl. 535, 558 (2016). In response, plaintiff timely filed a motion for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims (RCFC). Pl.'s Mot. for Reconsideration (Pl.'s Mot.). As plaintiff has not met the requirements for reconsideration under RCFC 59, but instead is merely attempting to persuade the Court of the merits of arguments which were already made, considered, and rejected, the motion is **DENIED**.

Under RCFC 59, the court may grant a motion for reconsideration "for any reason for which a new trial has heretofore been granted in an action at law in

federal court" or "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." RCFC 59(a)(1)(A)–(B). To demonstrate the applicability of RCFC 59 the moving party must show "(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Osage Tribe of Indians of Okla. v. United States*, 97 Fed. Cl. 345, 348 (2011). But, "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010) (citing *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992)). Such motions are proper only in circumstances where a "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension. . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Delaware Valley Floral Grp.,* 597 F.3d at 1384 (quoting *Z.K. Marine*, 808 F.Supp. at 1563). In short, such a motion should only be granted when the court has reached a decision based on a "manifest error of law, or mistake of fact" and is not "intended to give an unhappy litigant an additional chance to sway the court." *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992) (citing *Circle K Corp. v. United States*, 23 Cl. Ct. 659, 664–65 (1991)).

Plaintiff does not contend that new evidence has been discovered, or that there has been an intervening change in law. *See* Pl.'s Mot. at 5–14. Res Rei couches its motion in terms of "manifest injustice," *id.* at 3, and advances seven separate arguments (plus a recap) criticizing purported flaws in the reasoning of the Court's opinion, *id.* at 5–14. But mere disagreements with a court's reasoning are insufficient to warrant reconsideration under RCFC 59, as they do not amount to a claim of an injustice that is "apparent to the point of being almost indisputable." *Glob. Computer Enterprises, Inc. v. United States*, 88 Fed. Cl. 466, 469 (2009) (citing *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006)). In any event, as explained below, all of plaintiff's arguments are without merit.

Only Res Rei's first argument could be said to involve a mistake of fact, but that mistake is made by the plaintiff. Res Rei argues that it could not have chosen to break its Volume I submission into two files, Pl.'s Mot. at 5–6, apparently referencing the solicitation instruction that the four proposal volumes be submitted as "four separate attached files," *see Res Rei*, 126 Fed. Cl. at 538 (quoting AR at 928–29). But, as was noted in the opinion, this reference to four separate files was deleted by a subsequent amendment to the solicitation. *Res Rei*, 126 Fed. Cl. at 538 n.1 (citing AR at 985). Thus, the Court did not overlook a solicitation provision that would have prevented Res Rei from choosing to break the Volume I file into two smaller ones, and correctly concluded that plaintiff freely chose to reject that suggestion.

Plaintiff next disagrees with the Court's conclusion that Res Rei had failed to show that any agency errors cost it the substantial chance of being included in the competitive range. Pl.'s Mot. at 7–8. The Court had previously explained why errors concerning the evaluation of other offerors were not to Res Rei's prejudice, *Res Rei*, 126 Fed. Cl. at 549–50, and why it was not proven that the Program Management evaluation was either erroneous or prejudicial, *id.* at 557–58. Two other grounds raised by plaintiff revisit this latter point --- as Res Rei takes issue with the determination that the highest rating plausible (but not proven) for Program Management would still not have placed its proposal in the competitive range, as well as the determination that the table it omitted suffered from the same deficiencies as the tables it included in the proposal. Pl.'s Mot. at 12–13. But it was undisputed (and indisputable) that the omitted table merely copied the requirements nearly verbatim, contrary to instructions, *Res Rei*, 126 Fed. Cl. at 553, 555, and the record did not support a Program Management rating higher than Acceptable, *id.* at 558. Plaintiff argues that by following the standard approach to determining whether alleged errors were prejudicial, *see Croman Corp. v. United States*, 106 Fed. Cl. 198, 220–21 (2012), *aff'd* 724 F.3d 1357 (Fed. Cir. 2013) --- an exercise that was in the alternative, as the Court had already found no errors attributable to the agency --- the Court was substituting its own judgment for that of the agency. Pl.'s Mot. at 12. Not only is this claim inaccurate, but Res Rei's approach would eliminate the prejudice determination required by the Federal Circuit. *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1351–54 (Fed. Cir. 2005).

Res Rei argues that Government Accountability Office rulings concerning standing required it to submit a second proposal after the first was bounced back by the agency servers, Pl.'s Mot. at 8–10, but this hardly absolves plaintiff of responsibility for the errors it made when it chose to shrink the file size (instead of breaking Volume I into more than one file). Its next ground is difficult to discern, as plaintiff argues that the administrative record does not contain all of its unsuccessful attempts to submit its proposal. *Id.* at 10. In this proceeding, Res Rei never contended that it submitted Volume I as more than one file, nor did it seek to supplement the record with evidence that it did so. This vaguely-worded ground does neither.

Res Rei also disputes the Court's application of the Government Control Exception, 48 C.F.R. § 52.215-1(c)(3)(ii)(A)(2), arguing that the solicitation limit of one proposal per offeror precludes the evaluation of proposal modifications. Pl.'s Mot. at 11–12. But plaintiff ignores the proposal modification provisions that were incorporated in the solicitation. *See Res Rei*, 126 Fed. Cl. at 551 (citing 48 C.F.R. § 52.215-1 (a), (c)(6)).

As explained above, all of plaintiff's arguments lack merit and fail to meet the requirements for reconsideration under RCFC 59. Accordingly, Res Rei's motion for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge