[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10720

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAMESHWER SATRAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00106-PGB-DCI-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Rameshwer Satram, a *pro se* federal prisoner, filed a Notice of Appeal following the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and its denial of his motion for reconsideration. The government has moved for summary affirmance and to stay the briefing schedule. Upon review, we grant the government's motion for summary affirmance and deny as moot its motion to stay the briefing schedule.

## I.

Satram pled guilty to one count of attempted coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). In 2019, he was sentenced to the mandatory minimum term of 10 years' imprisonment. A year into his sentence, Satram filed a motion for a reduced sentence, arguing that his underlying medical conditions and the physical conditions at Federal Correctional Complex Coleman, where he is incarcerated, created a risk of harm or death from COVID-19. That risk, he argued, constituted an extraordinary and compelling reason for his release under Section 3582(c)(1)(A).

On April 24, 2020, the district court denied Satram's motion, finding that he failed to exhaust his administrative remedies and that COVID-19 did not constitute an extraordinary and compelling reason to reduce his sentence. It also concluded that it would deny

his motion because of his status as a predatory sex offender who had served only one tenth of his statutorily mandated sentence and the Federal Bureau of Prisons' capacity to address COVID-19.

Satram did not immediately appeal the court's order, instead submitting two *pro se* motions for reconsideration. The district court denied the second of Satram's motions for reconsideration on February 9, 2021. He timely appealed, and the government now moves for summary affirmance.

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's decision as to whether to reduce a sentence under Section 3582(c)(1)(A) for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021).

We also review the denial of a motion for reconsideration for abuse of discretion. *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014). A motion for reconsideration "cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* The three primary grounds justifying the grant of a motion for reconsideration are (1) intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error

or prevent manifest injustice. *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010).

*Pro se* pleadings will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But when an appellant fails to properly challenge on appeal one of the grounds on which the district court based its judgment, he abandons any challenge of that ground, and judgment is due to be affirmed. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Arguments not raised in an appellant's initial brief are also abandoned. *Id.*

### III.

In his Notice of Appeal, Satram specifically states that he is appealing "the district courts [sic] order denial of compassionate release dated 2/09/2021." That date, however, is the date of the district court's order denying his motion for reconsideration. The district court's order denying Satram's motion for a reduced sentence was entered on April 24, 2020.

Federal Rule of Appellate Procedure 3(c) requires a Notice of Appeal to "designate the judgment, order, or part thereof appealed from." FED. R. APP. P. 3(c)(1)(B). "The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal." *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1529 (11th Cir. 1987). However, we liberally construe the requirements of Rule 3. *Smith v. Barry*, 502 U.S. 244,

248 (1992). "When papers are 'technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.'" *Id.* at 681-82 (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988)).

As an initial matter, we note that any appeal of the district court's order denying Satram's motion for a reduced sentence would ordinarily be untimely since it was filed almost a year after that order. *See* FED. R. APP. P. 4(b)(1)(A) (requiring a notice of appeal to be filed within 14 days in criminal cases). However, we have held that this is a claim-processing rule rather than a jurisdictional bar. *See United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009). Because the government does not object on timeliness grounds, we address the merits.

Regardless of whether we construe Satram's Notice of Appeal as an appeal of the district court's order denying his motion for compassionate release or its order denying his motion for reconsideration, the outcome is the same. First, any appeal of the denial of his motion to reconsider fails. Even liberally construing his brief, Satram does not challenge the district court's denial of his motion to reconsider on appeal. His conclusory statement that the district court "abuse[d] its discretion," without any accompanying argument, is insufficient to challenge the district court's conclusion. Accordingly, he has abandoned that argument. *See Sapuppo*, 739 F.3d at 680.

Second, Satram fares no better if we construe his Notice of Appeal as an appeal of the district court's denial of his motion for a reduced sentence. Section 3582(c) generally bars a district court from "modify[ing] a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to this general rule exists for instances of so-called compassionate release. *See Harris*, 989 F.3d at 909. Under this exception, a district court "may reduce the term of imprisonment[,] . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction." *Id.* at 909-10 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Thus, a "district court may not grant" a motion for a sentence reduction unless it makes three findings: "first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with [the applicable policy statements]; and third, that [Section] 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

Here, the district court concluded that Satram's medical conditions did not warrant reducing his sentence under the Commission's definition of extraordinary and compelling reasons. *See United States v. Bryant*, 996 F.3d 1243, 1247-48 (11th Cir. 2021) (holding that district courts must look the application notes to the

Commission's policy statement, U.S.S.G. § 1B1.13 cmt. n.1, to determine whether an extraordinary and compelling reason supports a sentence reduction) *cert. denied*, No. 20-1732, 2021 WL 5763101 (U.S. Dec. 6, 2021). The district court also determined that reducing Satram's sentence would undermine the purposes of sentencing set out in Section 3553(a). Either of these findings was sufficient to deny Satram's motion. *See United States v. Tinker*, 14 F.4th 1234, 1240 (11th Cir. 2021) (upholding the denial of Section 3582 motion based on the district court's conclusion that the sentencing factors did not weigh in favor of a reduction); *Giron*, 15 F.4th at 1349-50 (upholding the denial of a Section 3582 motion based solely on the lack of extraordinary and compelling circumstances). Satram has failed to argue—let alone demonstrate—that the district court erred in any way.

## IV.

We **GRANT** the government's motion for summary affirmance and **DENY** as moot its motion to stay the briefing schedule.